E-FILED
Friday, 06 November, 2026 02:53:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FEDERICK HAYWOOD, )
)
Plaintiff, )
)
v. ) No.: 26-cv-1121-CRL
)
)
SUPERINTENDENT DRAPER, *et al.*, )
)
Defendants. )

MERIT REVIEW ORDER

Plaintiff Federick Haywood, proceeding *pro se*, is a detainee at the Livingston County (Illinois) Jail ("the Jail"). The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of Plaintiff's claims contained within his Complaint.

Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act ("PLRA"), the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and to dismiss any legally insufficient claim or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that, during Ramadan in February 2025 and continuing to the present, Jail officials have deprived him of his First Amendment right to practice his religion freely. According to Plaintiff, Jail officials refused to provide meals to him that were compliant with his religious tenants, and they refused to provide religious materials to him even though the Jail officials provided religious materials to other inmates and detainees of different faiths.

Plaintiff's Complaint states a free exercise claim in violation of his First Amendment rights based upon the alleged denial of religiously compliant meals and the allegedly more favorable treatment that inmates and detainees of other religions received versus that treatment that Plaintiff received when he attempted to practice his religion and when he attempted to follow the tenants of his religion.

Plaintiff only identifies a single individual by his proper name as a Defendant: Jail Superintendent Draper. It is unclear whether Plaintiff is alleging that Superintendent Draper personally deprived Plaintiff of his First Amendment rights. In order to be held liable under § 1983, Superintendent Draper will need to have been personally involved in depriving Plaintiff of his First Amendment rights because "individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). The United States Court of Appeals for the Seventh Circuit has explained that the doctrine of *respondeat*

*superior* (a doctrine whereby a supervisor may be held liable for an employee's actions) has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

Giving Plaintiff's Complaint a liberal interpretation, the Court will allow Plaintiff to proceed on his First Amendment free exercise claim against Superintendent Draper. Plaintiff should understand that this case may be short-lived because, unless he can identify a person who was personally responsible for violating his First Amendment rights or unless he can show that Superintendent Draper personally violated Plaintiff's First Amendment rights, this case could be subject to summary dismissal.[1]

In all other respects, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Although Plaintiff has named various John Doe Defendants, the Court cannot effect service of process upon a John Doe or Jane Doe Defendant. Fed. R. Civ. P. 4(m); *Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007) (holding that the failure to identify John Doe defendants prior to close of discovery and serve them with process subjects the John Doe defendants to dismissal).

In addition, Plaintiff has simply identified these John Doe Defendants in the caption of his Complaint, but the body of his Complaint contains no factual allegations against these John Doe Defendants upon which these John Doe Defendants may be held

[1] It may be that Plaintiff seeks to hold Superintendent Draper liable based upon Superintendent Draper's official capacity. However, Plaintiff seeks monetary damages in his prayer or relief, and monetary damages are not available against a governmental official in a suit against that official based upon his or her official capacity. *E.g.*, *MSA Realty Corp. v. State of Ill.*, 990 F.2d 288, 291 (7th Cir. 1993) (noting that "state officials may be sued in their official capacities for injunctive relief, although they may not be sued for money damages.").

liable to him. *See Lane v. Vanninhill*, 2026 WL 2333131, * 3 (S.D. Ind. Aug. 12, 2026) (dismissing a complaint because, "[a]lthough these individuals are listed as defendants in the caption of the complaint, the body of the complaint contains no allegations as to what they allegedly did or did not do with respect to Mr. Lane's flooding issue."). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citation omitted).[2]

Finally, as for Plaintiff's attempt to state a claim against the Livingston County Jail, that claim is dismissed. The Jail is a building; it is not a "person" who is amenable to suit under 42 U.S.C. § 1983. *Henderson v. St. Joseph County Jail*, 2015 WL 5554235, * 4 (N.D. Ind. Sept. 21, 2015) (holding that "neither the jail nor Sheriff Grzegorek is a proper defendant here. Though the jail is where these events occurred, the jail is a building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. section 1983."); *Sow v. Fortville Police Dep't,* 636 F.3d 293, 300 (7th Cir. 2011) (holding that the Jail is a building; it is not a "person" who is amenable to suit under 42 U.S.C. § 1983).

Accordingly,

---

[2] Similarly, Plaintiff's Complaint contains no factual allegations against the United States Marshal's Service, and therefore, it is unclear the basis for including the Marshal's Service as a Defendant in this case.

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a free exercise claim in violation of his First Amendment rights against Superintendent Draper based upon the alleged denial of religiously compliant meals to Plaintiff and the allegedly more favorable treatment that the followers of other religions received versus the treatment that Plaintiff received when he attempted to practice his religion and to follow his religious tenants. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Court further finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted against the other named Defendants, and the Clerk of the Court is directed to dismiss the other Defendants as Parties to this case. 28 U.S.C. § 1915A; Fed. R. Civ. P. 12(b)(6).

3. The Clerk of the Court is further directed to attempt to effect service of process on Defendant Superintendent Draper pursuant to the Court's standard procedures.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendant by mailing a waiver of service to Defendant. Defendant has sixty (60) days from the date the waiver is sent to file an answer. If Defendant has not filed an answer or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendant shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

8. This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to

mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

9. Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. If Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12. The Clerk of the Court is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 6th day of November, 2026

s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE